UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| STANDIC BV, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 3:11CV1765 (DJS) |
| | : | |
| CD INDUSTRIES, LTD and | : | |
| GREGORY L. DAVIS, | : | |
| Defendants. | : | |

MEMORANDUM OF DECISION

The plaintiff, Standic BV ("Standic"), initiated this action seeking to domesticate a

foreign judgment[1] rendered by the District Court of Rotterdam, The Netherlands, against the

defendants, CD Industries, Ltd. ("CDI") and Gregory L. Davis ("Davis"). Jurisdiction of this

Court is asserted on the basis of diversity. The defendant Davis has filed a motion to dismiss the

claims against him for the reasons that the Complaint fails to state a claim upon which relief can

be granted, this Court lacks personal jurisdiction over him, and venue in this District is improper.

As more fully explained below, the Court concludes that it lacks personal jurisdiction over Davis.

For that reason, the motion to dismiss (doc. # 26) is Granted.

---

[1]Pursuant to Conn. Gen. Stat. § 52-607,   "[t]he right of a judgment creditor to proceed by
an action on the judgment or a motion for summary judgment in lieu of complaint instead of
proceeding under sections 52-604 to 52-609 . . . [Uniform Enforcement of Foreign Judgments]
remains unimpaired." Conn. Gen. Stat. § 52-607 "preserved the common-law right of a judgment
creditor to bring an independent action on the judgment." *Tri-State Tank Corp. v. Higganum
Heating*, 45 Conn. App. 798, 802 (1997) (internal quotation marks omitted).

FACTS[2]

Standic is a Dutch corporation which maintains its principal place of business in Dordrecht, The Netherlands. CDI is a Delaware corporation which maintains its principal place of business in New London, Connecticut. At all times pertinent to the Complaint, Davis was the President of CDI and a resident of the State of New York. Davis has never owned property or resided in Connecticut, has never conducted business on behalf of CDI in Connecticut, has never been to the CDI office in New London Connecticut, and uses a New York-based landline and cell phone to conduct business on behalf of CDI.

In December 2010 Standic and CDI entered into an agreement pursuant to which CDI would rent seven storage tanks at Standic's terminal in Dordrecht, The Netherlands for a period of five years beginning in February 2011 ("the Agreement"). Davis  negotiated the Agreement with Standic on behalf of CDI and signed the Agreement as the President of CDI. The parties to the Agreement are Standic and CDI.  The address of CDI is listed in the Agreement as 929 Pequot Avenue, New London, CT. CDI's monthly rent and handling charges owed to Standic under the Agreement for the seven tanks was 380,268 euros, payable in advance. Under the heading "Law and jurisdiction," the Agreement specifies "Dutch law - Rotterdam courts." (Doc. # 1-1, at 5).

Standic invoiced CDI for the months of February, March, April and May 2011. The total amount of these invoices was 1,521,072 euros. Between February and April 2011 Standic

---

[2]The facts are taken from the Complaint and materials filed in connection with the pending motion to dismiss and the plaintiff's motion for preliminary injunction. *See Dorchester Financial Securities, Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 86 (2d Cir. 2013) (a district court may consider materials outside the pleadings "without converting a motion to dismiss for lack of personal jurisdiction into a motion for summary judgment").

repeatedly requested that CDI remit payment on the unpaid invoices. CDI responded that payment was forthcoming and that it would deliver products for storage. Many of CDI's assurances to Standic were made by Davis in the form of emails to Standic. CDI never remitted payment to Standic or delivered any product for storage. Standic incurred additional costs, the total amount of which has not been specified, in preparing to execute the Agreement.

In May 2011 Standic's counsel notified Davis that CDI was in breach of contract and that Standic was terminating the Agreement. That same month Standic's counsel informed Davis that CDI and Davis would be served with a summons to appear at a hearing in an interlocutory proceeding in the District Court of Rotterdam and asked Davis to inform counsel of dates between June and September 2011 on which he and CDI would be unavailable to attend the hearing. A hearing was scheduled in the matter of *Standic B.V. v. CD Industries, Ltd., Gregory L. Davis*, No. 379668/KG  ZA 11-477 for July 14, 2011, in the District Court of Rotterdam. A summons to CDI and Davis to appear at the July 14, 2011 hearing was served in accordance with the provisions of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (the "Hague Convention").

Neither CDI nor Davis appeared at the District Court of Rotterdam on July 14, 2011. On July 21, 2011, the District Court of Rotterdam declared the defendants CDI and Davis in default and ordered the defendants jointly and severally to pay Standic 1,521,072 euros, plus interest and costs. A copy of the judgment of the District Court of Rotterdam was served on CDI and Davis at their residential addresses on August 16, 2011. Standic's U.S. counsel sent a letter to CDI and Davis in September 2011 demanding payment as specified in the judgment of the District Court of Rotterdam. Neither CDI nor Davis responded to the letter sent by Standic's U.S. counsel.

DISCUSSION

A plaintiff responding to a motion to dismiss for lack of personal jurisdiction "bears the burden of establishing that the court has jurisdiction over the defendant[]." *M&M Packaging, Inc. v. Kole*, 183 F. App'x 112, 114 (2d Cir. 2006). In order to survive a Rule 12 (b)(2) motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that the court has personal jurisdiction over the defendant at issue. *Penguin Group (USA) Inc. v. American Buddha*, 609 F.3d 30, 34-35 (2d Cir. 2010). Such a showing requires "an averment of facts that, if credited[,] would suffice to establish jurisdiction over the defendant." *Id.* at 35 (internal quotation marks omitted).  Affidavits and supporting materials submitted in this context are to be construed in the light most favorable to the plaintiff, and all doubt is to be resolved in the plaintiff's favor. *Southern New England Telephone Co. v. Global NAPs Inc.*, 624 F.3d 123, 138 (2d Cir. 2010).

"In diversity cases arising in this Circuit, personal jurisdiction is determined by the law of the state in which the district court sits . . . ." *DiStefano v. Carozzi North America, Inc.*, 286 F.3d 81, 84 (2d Cir. 2001). In Connecticut, personal jurisdiction exists over a nonresident defendant where: (1) a relevant long-arm statute reaches the defendant; and (2) the court's exercise of personal jurisdiction does not offend the defendant's right to due process. *See Kenny v. Banks*, 289 Conn. 529, 533 (2008). In opposing Davis's motion to dismiss, Standic identifies Conn. Gen. Stat. § 52-59b as the relevant long-arm statute, and, more specifically, that part of the statute providing that courts in Connecticut may exercise personal jurisdiction over a nonresident who "[t]ransacts any business within the state. . . ." Conn. Gen. Stat. § 52-59b (a). The statute does not define the term "transacts any business within the state," although that term "has been construed

-4-

to embrace a single purposeful business transaction." *Gaudio v. Gaudio*, 23 Conn. App. 287, 298 (1990) (internal quotation marks omitted). Courts considering the question of whether a cause of action arose out the defendant's transaction of business within Connecticut must "balance considerations of public policy, common sense, and the chronology and geography of the relevant factors." *Zartolas v. Nisenfeld*, 184 Conn. 471, 477 (1981).

Standic's Complaint alleges that "[t]his Court has personal jurisdiction over Defendant Davis because he negotiated and signed a contract with Plaintiff Standic from Connecticut and because the controversy that is the subject of this litigation arises out of that contract." (Doc. # 1, at 2, ¶ 4). The Court recognizes that supporting materials submitted in connection with a motion to dismiss for lack of personal jurisdiction are to be construed in the light most favorable to the plaintiff. Nonetheless, the only evidence before the Court indicates that Davis, as the President of CDI, did negotiate and sign the Agreement on behalf of CDI, but that he did not do so "from Connecticut." Davis's affidavit, which is uncontroverted by any evidence submitted by Standic, attests to the facts that he "never conducted business on behalf of CD Industries, Ltd. ("CDI") in Connecticut," has "never been to the CDI office in New London, Connecticut," and "use[s] a New York based landline and cell phone to conduct business on behalf of CDI." (Doc. # 26-2, at 1).

CDI also argues that Davis is subject to the jurisdiction of courts in Connecticut because he effectively held himself out as doing business in Connecticut. CDI bases this argument on the facts that Davis, as President of a company identified as being located in Connecticut, played a major role in the negotiation, execution, and breach of the Agreement, and that Davis is held out on CDI's website as President of a company whose offices are in Connecticut. Apart from any

-5-

consideration of whether Davis ever conducted business on behalf of CDI from Connecticut, "the general rule is that there is no personal jurisdiction over nonresident officers of a corporation where their contact with the state was only in their capacity as a corporate officer . . . even where the corporation has its principal place of business within the state." *Charles Town Associates Ltd. Partnership v. Dolente*, CV 95 0069233, 1996 Conn. Super. LEXIS 1122, at *11 (Conn. Super. May 1, 1996) (citation omitted); *see also Milne v. Catuogno Court Reporting Services, Inc.*, 239 F. Supp. 2d 195, 203 (D. Conn. 2002) (internal quotation marks omitted) ("Personal jurisdiction may not be asserted over [an officer] of a corporation based on [his] transaction of business in Connecticut where the [officer] did not transact any business other than through the corporation"). *But see Under Par Associates, L.L.C. v. Wash Depot A., Inc.*, 47 Conn. Supp. 319, 326 (2001) (rejecting the idea that "it is unfair to subject a corporate employee personally to suit in a foreign jurisdiction when his only contacts with that jurisdiction have been undertaken on behalf of his corporate employer").

Standic has not any alleged that Davis engaged in any activity relating to CDI's transaction of business in Connecticut other than in his capacity as President of CDI for the benefit of CDI. Based on the general rule articulated in *Dolente* and *Milne*, Davis is not subject to personal jurisdiction pursuant to Conn. Gen. Stat. § 52-59b. *See Milne*, 239 F. Supp. 2d at 203 ("Accordingly, in the absence of facts showing that [the defendant] conducted any business other than through the businesses he controlled, he is not subject to personal jurisdiction under section 52-59b."). Because the Court has determined that the Connecticut long-arm statute does not reach the defendant Davis, it is not necessary for the Court to address the second prong of the personal jurisdiction test, i.e., whether the exercise of personal jurisdiction would offend the

defendant's due process rights. *See Rosenblit v. Danaher*, 206 Conn. 125, 142 (1988).

CONCLUSION

For the reasons stated above, the Court finds that it lacks personal jurisdiction over the defendant Davis. Consequently, Davis's motion to dismiss (**doc. # 26**) is **GRANTED** and Davis is dismissed from this action. Having found that it lacks personal jurisdiction over Davis, the Court will not address the issues raised by the parties relating to the validity of the judgment against Davis entered by the District Court of Rotterdam.

**SO ORDERED** at Hartford, Connecticut this 20th   day of March, 2014.



_____/s/ DJS_____
DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE